IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JERMARIE WHITE, | ) | |
| | ) | Case No. |
| Plaintiff, | ) | |
| | ) | Judge |
| v. | ) | |
| | ) | Magistrate Judge |
| OFFICER BARONA (Star #16054), and | ) | |
| the CITY OF CHICAGO, | ) | JURY DEMAND |
| | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

**NOW COMES** the Plaintiff, JERMARIE WHITE, by and through his attorneys, Erickson & Oppenheimer, complaining against the Defendants, OFFICER BARONA, individually, and the CITY OF CHICAGO, a municipal corporation, as follows:

## INTRODUCTION

1) This action is brought pursuant to 42 U.S.C. §1983 to address deprivations of Plaintiff's rights under the Constitution of the United States.

## JURISDICTION

2) The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §§ 1983 and 1985; the Judicial Code 28 U.S.C. §§ 1331 and 1343(a); the Constitution of the United States; and pendent jurisdiction as provided under U.S.C. § 1367(a).

## VENUE

3) Venue is proper under 28 U.S.C. Section 1391 (b). All of the parties reside in this judicial district and the events described herein all occurred within this district.

## THE PARTIES

4) Plaintiff resides in the Northern District of Illinois.

5) The Defendant, Officer Barona, was at all relevant times a duly appointed police officer of the City of Chicago and at all relevant times was acting within his scope of employment and under color of law.

6) Defendant City of Chicago is a municipal corporation duly incorporated under the laws of the State of Illinois and is the employer and principal of Defendant Barona.

## FACTS

7) On or about February 25, 2018, Plaintiff was in the area of 1556 W. 43rd St. in Chicago, Illinois.

8) Thereafter, without lawful justification or excuse, Defendant Barona fired his weapon at Plaintiff, striking and injuring him.

9) Said actions of Defendant Barona were intentional, willful and wanton and/or committed with reckless indifference and disregard for Plaintiff's rights.

10) Said actions of Defendant Barona were objectively unreasonable under the circumstances.

## COUNT I—EXCESSIVE FORCE (Section 1983)

11) Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

12) The actions of Defendant Barona as set forth hereto constitute excessive force against Plaintiff, thus violating his rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. Section 1983.

13) As a direct and proximate consequence of Defendant Barona's conduct, Plaintiff suffered damages, including without limitation violations of his constitutional rights, emotional anxiety, fear, pain and suffering, and monetary expense.

**WHEREFORE**, the Plaintiff prays for judgment against Defendant Barona for an award of reasonable compensatory and punitive damages, plus attorneys' fees and costs.

## COUNT II – BATTERY (state law claim)

14) Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

15) The conduct of Defendant Barona resulted in offensive physical contact with Plaintiff made without his consent, thus constituting battery under Illinois law.

16) Defendant Barona's actions proximately caused Plaintiff to suffer injuries, including without limitation great bodily harm as well as pain and suffering.

   **WHEREFORE**, the Plaintiff prays for judgment against Defendant Barona for an award of reasonable compensatory and punitive damages, plus costs.

## COUNT III—INDEMNIFICATION

17) Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

18) At all relevant times, Defendant City of Chicago was the employer of Defendant Barona.

19) Defendant Barona committed the acts alleged above under the color of law and in the scope of his employment as an employee of the City of Chicago.

20) In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

21) As a proximate cause of the unlawful acts of Defendant Barona, which occurred within the scope of his employment, Plaintiff was injured.

   **WHEREFORE**, should the individual Defendant be found liable on one or more of the federal claims set forth above, Plaintiff demands that Defendant City of Chicago be found liable for any compensatory judgment Plaintiff obtains against said Defendant, plus attorneys' fees and costs awarded and such other and additional relief that this Court deems equitable and just.

## COUNT IV—*RESPONDEAT SUPERIOR*

22) Each of the paragraphs above is incorporated by reference as though fully stated herein.

23) In committing the acts alleged in the preceding paragraphs, Defendant Barona was an agent of the City of Chicago and was acting at all relevant times within the scope of his employment and under color of law.

24) Defendant City of Chicago is liable as principal for all torts committed by its agents.

**WHEREFORE**, should the individual Defendant be found liable on one or more of the state claims set forth above, Plaintiff demands that, pursuant to *respondeat superior*, Defendant City of Chicago be found liable for any compensatory judgment Plaintiff obtains against said Defendant, as well as costs awarded.

## JURY DEMAND

The Plaintiff requests a trial by jury.

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorneys' fees have been assigned to counsel.


Respectfully submitted,

/s/ Ronak Maisuria

Erickson & Oppenheimer, Ltd.
223 W. Jackson, Suite 200
Chicago, IL 60606
312-327-3370

4